**John and Julie LAROS, et al.,
Plaintiffs–Appellants,**

v.

**Roger NUSBAUM, et al., Defendants–
Appellees.**

**No. 04–16743.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2006.*

Filed July 7, 2006.

---

Fed. R.App. P. 34(a)(2).

Stephen M. Weiss, Esq., Karp Heurlin & Weiss, Mark A. Redondo, Redondo Law Offices, P.C., Tucson, AZ, for Plaintiffs–Appellants.

Richard Davis, Gary J. Cohen, Esq., Mesch, Clark & Rothschild, Tucson, AZ, for Defendants–Appellees.

Before: LEAVY and RYMER, Circuit Judges, and MOSKOWITZ,** District Judge.

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

**MEMORANDUM** ***

Plaintiffs John and Julie Laros, Kathleen Chapman, and Chaplar Productions, Company, Inc., sued Roger Nusbaum and the City of Tucson under 42 U.S.C. § 1983. Their federal claims alleged violations of their constitutional rights related to the search and seizure of their package by Nusbaum, a Tucson Police Department detective, following an alert by a drug detection dog. The district court granted summary judgment for the Defendants on the § 1983 claims and remanded the state claims. On de novo review, *Yakutat, Inc. v. Gutierrez*, 407 F.3d 1054, 1066 (9th Cir. 2005), we affirm.

Appellants first argue that there was insufficient probable cause to issue the warrant because the affidavit for the warrant did not sufficiently establish the narcotic detector dog's reliability. We need not reach the issue of whether the statement that the dog was certified to detect narcotics was sufficient for the issuance of the warrant because the other undisputed facts, in conjunction with the alert by a certified dog, clearly establish probable cause.

■ Second, Appellants contend that Nusbaum exceeded the scope of the warrant by opening the black plastic wrapper containing the film. This argument is without merit as the warrant authorized Nusbaum to search the entire package, including its contents. *See United States v. Ross*, 456 U.S. 798, 821, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) ("[a] warrant to open a footlocker to search for marihuana would also authorize the opening of pack-

ages found inside"). Nusbaum's search was within the scope of the warrant.

 Finally, Appellants contend that Nusbaum's referral of the package to the Sex Crimes Unit constituted an illegal second search and seizure. Since the package had been seized, the remaining canisters could still be searched for drugs. The retention and referral by themselves did not further invade Plaintiffs' rights under the Fourth Amendment. *See United States v. Burnette,* 698 F.2d 1038, 1049 (9th Cir.) *cert. denied,* 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983) (holding that warrantless second search following a lawful initial search did not violate Fourth Amendment). While the warrant did not authorize a search of the package for pornography, the Sex Crimes Unit did not ultimately conduct a search for pornography. Nusbaum's referral of the package to another unit within the same police department therefore does not give rise to a constitutional claim under § 1983.

Given our disposition, the Appellees' motion to strike is denied as moot.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.